# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 43627

ANTRANICK HARRENTSIAN,

    Plaintiff-Appellant,

v.

GENNIEVE HILL and FRANK HILL,

    Defendants-Respondents.

)
)
)
)
)
)
)
)
)
)
)

Boise, September 2016 Term

2016 Opinion No. 145

Filed: December 9, 2016

Stephen W. Kenyon, Clerk

_____

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

The district court's judgment is <u>affirmed</u>. Costs and attorney fees on appeal to respondents.

Antranick Harrentsian, appellant *pro se*.

Jones, Gledhill, Fuhrman, Gourley, P.A., Boise, attorneys for respondent. Chad E. Bernards argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

In an appeal out of Ada County, Appellant, Antranick Harrentsian ("Appellant"), alleges that the district court erred in its enforcement of a constructive trust. Respondents, Gennieve and Frank Hill ("Respondents" or "Ms. Hill" or "Mr. Hill"), are the parents of Sarah Correa ("Correa"). Correa is the ex-girlfriend of Appellant. In 2008, Appellant entrusted Correa with $400,000. In 2009, Correa loaned $101,500 of the $400,000 to Respondents. Respondents used the funds to purchase a house in Boise, Idaho (the "Property"). Thereafter, Respondents spent nearly $40,000 of their own money to improve the Property. Also in 2009, Appellant sued Correa in California. The California lawsuit resulted in the creation of a constructive trust upon the $400,000. Appellant filed this lawsuit in an effort to recover the Property, which was acquired by Respondents with money subject to the constructive trust.

1

The district court found that Respondents were not aware that the money they received from Correa was wrongfully obtained. Accordingly, the district court ordered that title to the Property be transferred to Appellant, but that Respondents were entitled to an equitable lien against the Property for $33,689 for the improvements they had made. The district court provided Appellant with 180 days to satisfy the lien. Appellant timely appealed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2008, while living in California, Appellant wrote three checks to Correa totaling $400,000. At the time, Correa was Appellant's girlfriend. The money was transferred to Correa with the intention that she would return it at a later time. Their relationship ended in early 2009.

In July, 2009, Correa transferred $101,500 to Respondents. At the time, Respondents resided in California. On October 7, 2009, Respondents wired $104,000 to their relatives who resided in Boise—the Bruces. On or about October 27, 2009, $96,000 of the $104,000 was paid to First American Title Company, on behalf of Respondents, to purchase the Property—a house at 417 N. 19 Street, Boise, Idaho. The Bruces wired $7,500 of the remaining $8,000 back to Respondents.[1]

Between December 2009 and May 2012, Respondents improved the Property with $39,189.08 of their own funds, that is, funds independent of the $101,500 transfer.

In September of 2009, Appellant sued Correa in California to recover the $400,000. A one-day trial was held, and on October 2, 2012, the California court entered judgment in favor of Appellant, finding that Correa had converted the $400,000. Accordingly, the California court imposed a constructive trust upon the $400,000.

Ms. Hill attended portions of a California trial against her daughter, Correa. Ms. Hill claims that she attended the trial in the interest of her daughter's safety. Respondents admit that they understood, albeit generally, that a judgment had been entered by the California court against their daughter. However, they claim that they did not understand the nature of the constructive trust. Similarly, they claim that they were unaware of the California court's specific findings.

To collect on the California court's judgment, Appellant filed the California case as a "foreign judgment" in Idaho on November 29, 2012. As a result, Appellant claims, without

---

[1] The characterization of the transfer of $101,500—between Correa and Respondents—was disputed. Appellant argued that the transfer was a gift while Respondents argued that it was a loan. Nonetheless, it is not disputed that the origin of the money to purchase the Property was from funds originally transferred from Appellant to Correa.

providing evidence, that the Ada County Sheriff's Office served a writ for continuing garnishment on Correa's employer. Further, Appellant alleges that, thereafter, Correa filed for Chapter 7 bankruptcy protection. Appellant claims that he opposed Correa's attempt to discharge her debt and filed an adversary proceeding in the United States Bankruptcy Court. Appellant also claims that he filed a motion for summary judgment in the bankruptcy court seeking to make Correa's debt non-dischargeable, which was granted.

On January 5, 2015, Appellant filed this lawsuit to recover the Property acquired by Respondents with money subject to a constructive trust. In his complaint, Appellant argued that: (1) the constructive trust should apply to the Property owned by Respondents, and (2) Respondents would be unjustly enriched if they were permitted to retain the Property.

On April 6, 2015, Appellant filed a motion for summary judgment arguing that Respondents received the funds from Correa as a gift and could not be considered good faith purchasers without notice because they were aware that Correa "had been completely dependent upon [Appellant] for financial support for the prior five years and that she hadn't worked outside the home during that time." Further, Appellant argued that because Respondents were not good faith purchasers they were not entitled to recover for the improvements they made to the Property. Lastly, Appellant argued that Respondents would be unjustly enriched if they were not held liable for past due property taxes and rental income. In sum, Appellant requested that: (1) the Property be conveyed to him; (2) Respondents be paid nothing for the improvements they made to the Property; (3) Respondents pay past due property taxes on the Property; (4) Respondents remit all income they have received for renting the Property; and (5) Respondents pay the costs of the lawsuit.

In response, Respondents disputed three material facts. First, they argued that the money they received from Correa was a loan, not a gift. Second, they argued that they believed, in good faith, that the source of the $101,500 was a gift from Appellant to Correa. Third, they argued that they had no knowledge of any wrongdoing by their daughter at the time they were loaned the $101,500, or at any of the times they spent their own money to improve the Property. Specifically, Respondents clarified that they did not take the position that Appellant was not entitled to $101,500. On the contrary, they agreed that Appellant was entitled to that amount. However, they argued that they were entitled to compensation for the "$40,000 plus of improvements" they made to the Property. In sum, Respondents argued that summary judgment

3

was improper because a genuine issue of material fact existed, that is, whether Respondents were aware, at the time they purchased and improved the Property, that Correa had wrongfully obtained the funds.

The record indicates a somewhat irregular progression of court proceedings following Appellant's April 6, 2015 motion for summary judgment. First, the district court held a summary judgment hearing on May 11, 2015. Then, on June 22, 2015, a one-day trial was held. At trial, Appellant attempted to offer a number of documents into evidence. Respondents objected to the admission arguing, *inter alia*, that the documents had been requested in discovery, but not produced. Specifically, Respondents' discovery request stated:

> [Y]ou are requested, within 30 days of the date of this document was served upon you, to permit the inspection and copy[ing] of documents and things requested below at the offices of Stewart, Taylor and Morris, PLLC, 12550 West Explorer Drive, Suite 100, Boise, Idaho 83713 or at such other time and place as the parties agree in writing. As an alternative to producing documents for inspection and copying, accurate, legible, and complete copies of requested documents may be attached to your responses and served within the same time period.

Appellant argued that Respondents' request was unreasonable because it required him to travel from California to Idaho to produce the documents. Further, he argued that the documents he was attempting to admit were attached to his summary judgment pleadings. Ultimately, the district court excluded the admission of Appellant's exhibits because the exhibits were requested but not produced in discovery.[2]

On August 3, 2015, Appellant's motion for summary judgment was granted in part and denied in part. The district court found that there were no issues of material fact with respect to the following: (1) Respondents are Correa's parents; (2) Correa is the ex-girlfriend of Appellant and the mother of his two children; (3) Appellant wrote three checks totaling $400,000 in 2008; (4) Correa wrote checks to Respondents in July 2009 totaling $101,500 and these funds were included in the $104,000 that was transferred to Respondents' relatives who resided in Boise; (5) the Property was acquired by Respondents on October 27, 2009 for $96,000; and (6) the Property was, at the time of the district court's ruling, in Respondents' names. The district court found that there were issues of material fact with respect to the following: (1) whether the improvements to the Property were made in good faith by Respondents, and (2) whether

---

[2] One of the exhibits at issue was alternatively excluded on hearsay grounds.

4

Appellant would be unjustly enriched by receiving the Property without compensating Respondents for the improvements made thereto.

Also on August 3, 2015, the district court issued its findings of fact and conclusions of law. The district court found that the transfer of $101,500 from Correa to Respondents was a loan not a gift. It noted that

> At the time the money was transferred, it was intended that the money would be repaid to [Correa] at some point. The [c]ourt infers from the circumstances that the loan, like many transactions between parents and children, was vague or uncertain in many of its terms. There was no stated interest rate and no exact due date. The loan was to be repaid upon resale of the house.

Further, the district court found the following testimony of Ms. Hill credible: (1) that she was unaware, at the time the funds were received from Correa, that Correa had wrongfully obtained and held the funds; (2) that she believed Correa had received the funds from Appellant as a gift; and (3) that she believed Appellant to be a wealthy man because he "owned two mortgage companies and talked about how much money he had." Additionally, the district court found the following testimony of Mr. Hill credible: (1) he was unaware the money obtained from Correa was wrongfully held, and (2) he was not involved in the transfer of the funds from Correa because that was handled by his wife. The district court also found that Respondents spent $39,189.08 to repair and improve the Property, and that such improvements were completed in or around May 2012. The district court noted that the current value of the Property was $165,000 to $175,000.

The district court also made several conclusions of law. It concluded that Appellant's funds in the hands of Correa were held in constructive trust. The district court noted that: "[u]nder the circumstances of this case, knowledge that the funds for the loan originated with [Appellant] is not the equivalent of knowledge that the funds were wrongfully withheld by [Correa] and subject to a trust." Further, the district court concluded that the fact that the loan terms were indefinite did not render the transaction a gift. Notably, the district court characterized Respondents as innocent recipients of a benefit rather than bona fide purchasers for value. It explained that "[Respondents] did not purchase anything from the trust or the constructive trustee. They borrowed money that they used to purchase the [P]roperty." The district court continued, concluding that "[t]he purchase was completed and the improvements made before [Respondents] were on notice that the loan from their daughter was made with trust funds. . . . it would be inequitable to require transfer of the [P]roperty without accounting for the

5

contributions [Respondents] made to the [P]roperty." Lastly, the district court concluded that it was appropriate to transfer the Property to Appellant, and to grant Respondents an equitable lien for $33,689.08 ($39,189.08 less $5,500).[3] Noting that testimony at trial indicated that the Property would likely take thirty to sixty days to sell, the district court granted Appellant 180 days to satisfy Respondents' equitable lien. Judgment was entered on September 8, 2015, reflecting the district court's conclusions of law.

Appellant timely appealed.

### III. ISSUES ON APPEAL

1. Whether the district court erred in finding that Respondents were not aware, nor did they have reason to be aware, of the nature of the trust funds at the time they purchased the Property and made improvements thereon.

2. Whether the district court erred by excluding certain trial exhibits submitted by Appellant.

3. Whether the district court erred by providing Appellant 180 days to satisfy the equitable lien.

4. Whether either party is entitled to attorney's fees and costs on appeal.

### IV. STANDARD OF REVIEW

This Court reviews de novo conclusions of law from a district court in a bench trial, but "will not disturb findings of fact on appeal that are supported by substantial and competent evidence, even if there is conflicting evidence at trial." *Watkins Co., LLC v. Storms*, 152 Idaho 531, 535, 272 P.3d 503, 507 (2012) (citing *Panike & Sons Farms, Inc. v. Smith*, 147 Idaho 562, 565–66, 212 P.3d 992, 995–96 (2009)). Consequently, "[t]his Court will 'liberally construe the trial court's findings of fact in favor of the judgment entered, as it is within the province of the trial court to weigh conflicting evidence and testimony and judge the credibility of witnesses.'" *Id.* (quoting *Oregon Mut. Ins. Co. v. Farm Bureau Mut. Ins. Co. of Idaho*, 148 Idaho 47, 50, 218 P.3d 391, 394 (2009)).

> "Error may not be predicated upon a ruling which admits or excludes evidence unless the ruling is a manifest abuse of the trial court's discretion and a substantial right of the party is affected." *Hurtado*[*v. Land O'Lakes, Inc.*], 153 Idaho [13, 17], 278 P.3d [415, 419 (2012)]; I.R.E. 103(a). When determining whether a court abused its discretion, we consider: whether the district court (1)

---

[3] $5,500 is the amount of the loan that Respondents spent unrelated to the Property. Accordingly, their lien is lessened by that amount. In other words, Respondents received $101,500 as a loan that was later subject to a constructive trust. Of the $101,500, $96,000 was spent to purchase the Property and $5,500 was spent unrelated to the purchase of the Property. By transferring the Property to Appellant, he is essentially receiving the $96,000 back. But, he is still entitled to the remaining $5,500. Accordingly, Respondents' lien was lessened by $5,500.

correctly perceived the issue as one of discretion; (2) acted within the outer bounds of its discretion and consistently with applicable legal standards; and (3) reached its decision by an exercise of reason. *Lee v. Nickerson*, 146 Idaho 5, 10, 189 P.3d 467, 472 (2008).

*Van v. Portneuf Medical Center, Inc.*, 156 Idaho 696, 701, 330 P.3d 1054, 1059 (2014).

## V. ANALYSIS

**A.** **The district court's finding that Respondents were not aware, nor did they have reason to be aware, that the funds were wrongfully obtained at the time they purchased the Property and made improvements thereto is supported by substantial and competent evidence.**

Appellant makes four arguments regarding this issue. First, he argues that Respondents had notice that the funds received from Correa were wrongfully obtained because Ms. Hill attended the California trial on March 24, 2011. Second, Appellant argues that the district court erred by failing to "acknowledge the unjust benefits the Respondents received to the detriment of Appellant." Third, Appellant argues that the district court should have looked to California law to determine whether the transfer of funds from Correa to Respondents was a loan or a gift. Fourth, Appellant argues that the district court erred in concluding that Appellant could have elected to simply recover the loan as it "is an asset traceable to the trust."

In response, Respondents first argue that substantial and competent evidence supports the district court's conclusion that they did not have notice that the funds received from Correa were wrongfully obtained. Second, Respondents argue that the district court did not err in determining that the money from Correa was a loan. Third, Respondents characterize Appellant's choice of law and bankruptcy arguments as an attempt to muddy the waters and impermissibly present new evidence to this Court.

Under Idaho law, a trust beneficiary has the right to pursue redress where trust property has wrongfully made its way into the hands of a third party. *Taylor v. Maile*, 142 Idaho 253, 260, 127 P.3d 156, 163 (2005). Further, "'[a] beneficiary of a trust may follow and recover a trust fund [sic] as long as it can be identified either in its original or substituted form, providing it has not passed into the hands of a bona fide purchaser for value without notice.'" *Id.* (quoting *Kite v. Eckley*, 48 Idaho 454, 460, 282 P. 868, 870 (1929)).

Unjust enrichment is a non-contractual obligation that is treated procedurally as if it were a contract. *Continental Forest Products, Inc. v. Chandler Supply Co.*, 95 Idaho 739, 743, 518 P.2d 1201, 1205 (1974).

Unjust enrichment exists where "(1) there was a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof."

*Stevenson v. Windermere Real Estate/Capital Group, Inc.*, 152 Idaho 824, 827, 275 P.3d 839, 842 (2012) (quoting *Vanderford Co., Inc. v. Knudson*, 144 Idaho 547, 558, 165 P.3d 261, 272 (2007)).

Change of position is a defense to unjust enrichment. "If receipt of a benefit has led a recipient without notice to change position in such manner that an obligation to make restitution of the original benefit would be inequitable to the recipient, the recipient's liability in restitution is to that extent reduced." Restatement (Third) of Restitution and Unjust Enrichment § 65 (2011). The commentary to this section explains that this defense is only available to a recipient without notice, and "only to the extent that an obligation to make restitution would be inequitable to the recipient." *Id.* cmt. a. It follows, then, that this defense is unavailable to a conscious wrongdoer or to a recipient who is "primarily responsible for his own unjust enrichment." *Id.*

The Restatement further explains that a person is said to have notice of a fact if "the person either knows the fact or has reason to know it." Restatement (Third) of Restitution and Unjust Enrichment § 69 (2011). A person has reason to know a fact if "the person has received an effective notification of the fact" or "other facts known to the person would make it reasonable to infer the existence of the fact, or prudent to conduct further inquiry that would reveal it." *Id.*

The district court's finding that Respondents were not aware, nor did they have reason to be aware, of Correa's wrongful acquisition of the funds at the time they purchased and improved the Property is supported by substantial and competent evidence. Additionally, the district court's finding that Respondents are innocent recipients of a benefit and are entitled to restitution for the improvements is supported by substantial and competent evidence.

First, the district court did not err in finding that the California trial between Correa and Appellant did not put Respondents on notice regarding the nature of the funds. Appellant argued, in a conclusory manner, that Respondents knew that the money they received from Correa originated from Appellant and that such funds were wrongfully obtained. However, Ms. Hill testified that, while she was aware Appellant transferred a large sum of money to Correa in 2009, she was told and believed that the such transfer was a gift. Substantial and competent evidence

8

supports the district court's finding that such a belief was reasonable. Ms. Hill knew that Correa and Appellant were living together and in a romantic relationship. Further, Ms. Hill believed the transfer between Appellant and Correa was a gift because she understood that Appellant was a wealthy man and wanted to ensure that Correa would stay in his home. Ms. Hill testified that she attended the California trial because Correa "had a [restraining] order for domestic violence against [Appellant], and I attended to – just because I wanted [Correa] to feel safe." Ms. Hill explained that she was not present for the entire California trial because her job required her to be in and out of the courtroom. Further, Ms. Hill testified that she did not hear Correa testify about the funds at trial, nor did she hear anything about the funds being a gift from Appellant.

While there is conflicting evidence, the district court's finding that Respondents did not have reason to be aware—and in fact, were not aware—that the funds were wrongfully obtained is supported by substantial and competent evidence. Further, substantial and competent evidence supports the district court's conclusion that Respondents' knowledge that the funds for the loan originated with Appellant is not the equivalent of knowledge that the funds were wrongfully withheld by Correa and subject to a trust.

Second, we decline to address Appellant's argument regarding the "unjust benefits the Respondents received to the detriment of Appellant." Appellant does not attempt to support his allegations with evidence or cogent argument. This Court has held that "if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1153 (2010) (citing *Inama v. Boise County ex rel. Bd. of Comm'rs*, 138 Idaho 324, 330, 63 P.3d 450, 456 (2003)). Accordingly, we decline to address Appellant's argument.

Third, Appellant's argument regarding the loan/gift distinction is irrelevant and unavailing. Appellant's assertion that the transfer from Correa to Respondents was a gift is merely an attempt to impute notice upon Respondents. Appellant reasons that the transfer—allegedly a gift—should have put Respondents on notice that the funds were wrongfully obtained by Correa because Correa would not ordinarily have the funds to make such a gift. However, as the foregoing analysis concludes, Respondents reasonably believed that Appellant gifted the money to Correa. Thus, Respondents' belief that Correa received the money as a gift from Appellant renders the loan/gift distinction irrelevant.

9

Fourth, Appellant's argument that "he could not enforce the loan because it was not listed as an asset in [Correa's] Chapter 7 Bankruptcy" is irrelevant. This argument stems from the district court's conclusion that "Plaintiff could have elected to simply enforce the loan" instead of recovering the Property that was purchased with the loan. However, because Appellant never attempted to enforce the loan, whether or not he could have is irrelevant.

Considering the foregoing analysis, the district court did not err in finding that Respondents are innocent recipients of a benefit. Respondents concede that Appellant's funds were held by Correa in constructive trust. In other words, Respondents recognize that they were unjustly enriched by the receipt of the money from Correa. They admit that the benefit of the funds was conferred upon them, that they appreciated the benefit and purchased the Property, and that it would be inequitable to allow them to retain the Property. However, Respondents also changed their position by making improvements to the Property, with their own funds, and without notice that the original funds were wrongfully obtained. Accordingly, it would be inequitable to require Respondents to convey the improved Property to Appellant without any sort of recompense.

In sum, the district court's finding that Respondents were not aware that the funds were wrongfully obtained is supported by substantial and competent evidence. Further, the district court did not err in concluding that Appellant is entitled to the Property subject to an equitable lien in the amount of $33,689.08.

**B.** **The district court abused its discretion by excluding certain trial exhibits submitted by Appellant, but Appellant has waived the issue.**

Appellant argues that the district court abused its discretion by excluding certain trial exhibits "as a sanction for discovery violations." Appellant explains that he was served with Respondents' request for production on April 23, 2015. His response was due by May 22, 2015, and trial was set for June 22, 2015. The request for production instructions stated as follows:

> [Y]ou are requested, within 30 days of the date of this document was served upon you, to permit the inspection and copy[ing] of documents and things requested below at the offices of Stewart, Taylor and Morris, PLLC, 12550 West Explorer Drive, Suite 100, Boise, Idaho 83713 or at such other time and place as the parties agree in writing. As an alternative to producing documents for inspection and copying, accurate, legible, and complete copies of requested documents may be attached to your responses and served within the same time period.

Appellant contends that on May 22, 2015, he stated the following in response to the document request:

10

The request is unreasonable as it requests that the plaintiff travel 540 miles (1,080 miles round trip) to the defense attorney's office so that they may make copies of said documents. Furthermore, the request does not describe each item and category with reasonable particularity (IRCP 34(b)(1)). The defense is permitted to make copies of any documents, provided that any/all copies will be made in Fair Oaks, California.

Appellant contends that Respondents did not file a motion to compel, nor did they object to Appellant's responses until trial. Additionally, Appellant argues that the district court did not consider the fact that "almost all of the documents presented by the Appellant as evidence for trial was either already in the possession of the Respondents, or in the possession of their daughter, Ms. Correa."

In response, Respondents contend that the district court acted within its discretion in excluding Appellant's trial exhibits. Specifically, Respondents note that the district court judge stated as follows: "I do not believe that the request for production was so overly broad or undefined as to make it unanswerable. It clearly asks for something that is entirely within the control of the [Appellant], and that is copies of trial exhibits." Separately, Respondents argue that if it is found that the district court abused its discretion, the exclusion of the documents should still be upheld because the documents were inadmissible on other grounds, making the abuse of discretion harmless.

> This Court disregards errors made on evidentiary rulings unless the rulings were a manifest abuse of the trial court's discretion and affected the party's substantial rights. *Perry v. Magic Valley Reg'l Med. Ctr.*, 134 Idaho 46, 51, 995 P.2d 816, 821 (2000). Indeed, I.R.E. 103(a) provides that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." Similarly, I.R.C.P. 61 provides that "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Furthermore, issues on appeal are not considered unless they are properly supported by both authority and argument. *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 16, 175 P.3d 172, 178 (2007). Because an appellant can only prevail if the claimed error affected a substantial right, the appellant must present some argument that a substantial right was implicated. *Hurtado v. Land O'Lakes, Inc.*, 153 Idaho 13, 18, 278 P.3d 415, 420 (2012). Thus, "when appealing from an evidentiary ruling reviewed for abuse of discretion, the appellant must demonstrate both the trial court's abuse of discretion and that the error affected a substantial right." *Id*. This Court has held that a party's failure to present some argument as to how the evidentiary ruling affected a substantial right is fatal to its evidentiary challenge and the Court deems the issue waived. *Id*. (declining to consider appellant's claims that the district court erred when it admitted expert testimony because appellant failed to argue on appeal that the error affected a substantial right); *Akers v. D.L. White*

11

*Const., Inc.*, 156 Idaho 37, 320 P.3d 428, 436 (2014) ("[I]f the appellant does not present argument that the court's error affected a substantial right, the issue is waived.").

*H.F.L.P., LLC v. City of Twin Falls*, 157 Idaho 672, 686–87, 339 P.3d 557, 571–72 (2014).

Appellant fails to specifically allege to which exhibits his argument relates. However, the record indicates that five exhibits were excluded on the basis that each was requested in discovery but not produced. One of the five exhibits—Exhibit 21, Correa's declaration from the California case—was alternatively excluded because it was inadmissible hearsay. The district court did not abuse its discretion in excluding Exhibit 21 on that basis. While Correa's declaration may have been considered former testimony—an exception to the hearsay rule—the Hills did not have an opportunity to develop Correa's testimony by direct, cross, or redirect examination at the time it was given. Accordingly, the district court did not abuse its discretion in excluding Exhibit 21 because it was inadmissible hearsay.

As for the remaining four exhibits at issue, Appellant alleges on appeal, in conclusory fashion, that the district court abused its discretion by excluding them as a sanction for discovery violations. Appellant does not elaborate as to how that abuse of discretion affected a substantial right, nor does he provide authority or argument demonstrating such. While the district court's exclusion of the remaining four exhibits amounted to an abuse of discretion—Appellant did not violate any rule that authorized sanctions—it was Appellant's burden to demonstrate that a substantial right was violated. His failure to do so is fatal to his argument. Therefore, we hold that Appellant has waived the issue.

**C.     The district court did not err by providing Appellant with 180 days to satisfy the equitable lien.**

Appellant argues that the district court erred by providing him with only 180 days from the entry of judgment to satisfy the equitable lien. In support of his claim, Appellant argues that the 180 day window is inequitable in light of the fact that Respondents held the Property for 2,240 days.

In response, Respondents argue that the district court did not abuse its discretion in allowing Appellant 180 days to satisfy the equitable lien. Respondents note that the district court acknowledged expert testimony that the Property could be sold in thirty to sixty days. Recognizing that Appellant lived in California and may not be familiar with the local market, the

district court acted within its discretion and allowed Appellant 180 days to satisfy the equitable lien.

"In equity proceedings[,] a district judge has a wide discretion in exercising authority necessary to protect all interests . . . ." *In re Receivership of Great W. Beet Sugar Co.*, 22 Idaho 328, 333, 125 P. 799, 801 (1912).

This Court employs a three part test to determine whether a district court abused its discretion. Here, Appellant failed to demonstrate—or even claim—that the district court abused its discretion. Appellant's argument that the district court erred relies solely on the comparison of the amount of time Respondents held the Property with the amount of time Appellant was granted to satisfy the equitable lien. The time Respondents held the Property is irrelevant. Further, Appellant has failed to demonstrate that any part of the three part abuse of discretion test was satisfied. Accordingly, the district court did not abuse its discretion in allowing Appellant 180 days to satisfy the equitable lien.

**D.  Attorney's fees and costs to Respondents.**

We award attorney's fees and costs to Respondents pursuant to Idaho Code section 12-121 because Appellant's appeal was pursued frivolously, unreasonably, and without foundation. I.C. § 12-121. Respondents correctly argue that Appellant merely asked this Court to second guess the district court's determinations without providing a reasonable basis for doing so. The fact that Appellant appeared *pro se* does not excuse the fact that his briefs lacked cogent legal argument. Accordingly, we award attorney's fees on appeal to Respondents. Further, we award costs on appeal to Respondents as the prevailing party.

### VI. CONCLUSION

We affirm the district court's judgment. Costs and attorney's fees on appeal to Respondents.

Chief Justice J. JONES and Justices EISMANN, BURDICK and HORTON CONCUR.