# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51954

| | |
|---|---|
| In the Matter of: Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) |
| JOHN DOE I and JANE DOE, husband and wife, | ) |
| | ) Filed: December 4, 2024 |
| | ) |
| Petitioners-Respondents, | ) Melanie Gagnepain, Clerk |
| | ) |
| v. | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| JOHN DOE (2024-26), | ) BE CITED AS AUTHORITY |
| | ) |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Kent W. Gauchay, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Kelly D. Mallard, Bonneville County Public Defender, Idaho Falls, for appellant.

Beard St. Clair Gaffney PA; Kristopher D. Meek, Idaho Falls, for respondent.

_____

GRATTON, Chief Judge

John Doe (2024-26) (Doe) appeals from the decision of the magistrate court terminating his parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe and Jane Doe (Mother) are the biological parents of Jane Doe I (Child). Doe and Mother had Child in 2016 but were never married. Mother and Doe had a very brief relationship. Mother gave birth to Child in Missouri, even though she was attending college in Nebraska at the time. While attending college in Nebraska, Mother met John Doe I (Stepfather), whom Mother subsequently married in 2017. Mother and Child moved to Washington in July 2019. Unaware of this move, Doe filed a paternity action in Nebraska in August of 2019. Mother was ultimately

1

served with the paternity action after moving to Idaho in 2020. In 2022, the Nebraska paternity action was dismissed with the court citing that Idaho would be the more appropriate forum. Doe appealed this ruling to the Nebraska Court of Appeals, which affirmed the lower court's ruling.

Doe did not file with the putative father registry in the state of Missouri, nor has Doe filed with the putative father registry in the state of Idaho. Nevertheless, there is no dispute that Doe is the biological father of Child. The first legal action in this case occurred in 2018 in Nebraska when Mother initially filed for termination of Doe's parental rights. That action was dismissed upon Mother and Child's move to Washington in 2019. In January 2021, Mother and Stepfather filed a petition for termination and adoption in Idaho which was dismissed in February 2022 due to inactivity. Mother and Stepfather filed a second petition initiating the current action after the previous one was dismissed. The petition sought termination of Doe's parental rights based on abandonment and best interests of Child. There was considerable delay in this case as the Idaho court waited for a decision from the Nebraska Court of Appeals. This case proceeded to trial in February 2024. The magistrate court found that Doe had abandoned Child and termination of Doe's parental rights is in Child's best interests. Doe appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. Idaho Code § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

Doe raises three issues on appeal: (1) did Mother overcome the presumption that parental rights should be terminated by clear and convincing evidence; (2) did Doe's attempts to pay financial support for the benefit of Child preclude a finding of clear and convincing evidence that his parental rights should be terminated; and (3) did Doe's attempts to provide parental care and control of Child preclude a finding by clear and convincing evidence that Doe's rights should be terminated. Respondents request attorney fees on appeal.

## A. Doe's Claims are Waived[1]

Doe's brief fails to comply with Idaho Appellate Rule 35(a)(6), which states, "The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." The Supreme Court held that it relies "solely on the parties to ground their appeals in relevant argument and authority." *Dorr v. Idaho Dep't of Labor*, 171 Idaho 306, 309, 520 P.3d 1266, 1269 (2022). When an appellant fails to provide argument and authority in support of issues presented on appeal within the argument section of the appellant's brief, the appellate court cannot consider those issues. *Matter of Doe I*, 165 Idaho 33, 41-42, 437 P.3d 33, 41-42 (2019) ("Father failed to provide argument and authority for this issue; thus, it cannot be considered by this Court."). In *Wood v. Idaho Transportation Dep't*, 172 Idaho 300, 307, 532 P.3d 404, 411 (2023), the Idaho Supreme Court held:

---

[1]     Aside from the procedural deficiencies addressed herein, Doe's brief does not comport with Idaho Appellate Rule 35(a)(1), (a)(2), (a)(6), (e) or I.A.R. 36(a), (b). First, I.A.R. 35(a)(1) states: "A table of contents, with page references, which shall include an outline of the Argument section of the brief." Doe's brief does include a Table of Contents section, as well as an Argument section. However, there are no page references associated with the Argument section of the Table of Contents. Second, Doe's brief does not comply with I.A.R. 35(a)(2) which states: "A table of cases (alphabetically arranged), statutes and other authorities cited, with references to the pages of the brief where they are cited." Again, Doe provides a Table of Cases and Authorities in his brief, however, there are missing page numbers for a section of the authorities listed. Third, Doe's brief does not comply with I.A.R. 36(a) which states:

> The cover of all briefs shall state the title of the Supreme Court, the title of the action designated on the certificate of appeal, whether it is appellant's or respondent's brief, the name of the district court or administrative agency appealed from, the name of the trial judge or chairman presiding at the trial or hearing, and the names and addresses of all counsel of record showing for whom they appear.

Doe's brief does not mention anywhere on the cover the name of the district court appealed from, the name of the trial judge, or the names and addresses of all counsel of record. The Idaho Supreme Court website provides a form copy of what the cover page should look like, yet Doe's brief does not meet these requirements. Fourth, Doe's brief neglects to follow I.A.R. 36(b), which states: "The type shall be no smaller than 12 point Times New Roman. . . . The pages shall be numbered at the bottom and may be printed on both the front and back of each page." Doe's brief includes no page numbers at the bottom of the page, so even if they were included in the Table of Contents or the Table of Authorities it would not be helpful. Also, the font in Doe's brief varies dramatically in size and type. Doe's brief includes inconsistent font type; bold and underlined passages for no apparent reason; and incorrectly placed citations as footnotes.

4

This Court has repeatedly held that if an issue is not supported by "any cogent argument or authority, it cannot be considered by this Court." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010); *see, e.g.*, *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008); *Harrentsian v. Hill*, 161 Idaho 332, 339, 385 P.3d 887, 894 (2016); *Wittkopf v. Stewart's Firefighter Food Catering, Inc.*, 168 Idaho 203, 207, 481 P.3d 751, 755 (2021); *Owen v. Smith*, 168 Idaho 633, 647, 485 P.3d 129, 143 (2021). Idaho Appellate Rule 35(a)(6) requires appellants to do more than point to background facts underlying their position; it requires "reasons" those facts constitute legal error with "citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6). "Where an appellant fails to assert his assignment of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court." *Bach*, 148 Idaho at 790, 229 P.3d at 1152. Consequently, assignments of error that are not argued and supported in compliance with Rule 35(a)(6) are "deemed to be waived."

Here, Doe's brief provides some relevant authority in the recitation of federal and state law indicating that parents have a fundamental liberty interest in maintaining a relationship with their child. However, as to the substantive argument portion of the brief, Doe does not provide a single citation to evidence in the record or relevant authority. Doe's brief contains no citation to legal authority outside of the reminder that a natural parent should have custody of his/her children. Further, Doe's brief contains no citations to the record. This Court will not search the record on appeal for the necessary citations or arguments. *See Dickenson v. Benewah Cnty. Sheriff*, 172 Idaho 144, 150, 530 P.3d 691, 697 (2023). Because Doe's brief contains no citation to the record, no legal authority supporting his claims, no argument that the magistrate court's findings are not supported by the record, no argument as to how the magistrate court erred in finding abandonment, and no reasons why any facts constitute legal error he has waived his claims on appeal.[2]

---

[2] Nonetheless, the magistrate court's findings and conclusions are supported by substantial and competent evidence in the record. First, the magistrate court correctly concluded that Doe abandoned Child because he failed to maintain a normal parental relationship with Child. Outside of a paternity action in Nebraska and appealing the Nebraska trial court decision, Doe has not done anything that resembles a parent-child relationship for years. Doe never attempted to establish his parental rights in Idaho. Doe has not seen Child in over seven years. Doe has had no personal contact, no videoconferencing, nor sent pictures to let Child knowing he was the father. Second, Doe failed to pay any substantial amount of child support. Doe paid $50 to Mother one time and provided some diapers and baby food. However, this was all within the Child's first year of life. Although Doe did not always know where Mother and Child were residing, he has been aware since 2020 when he served Mother with his paternity action in Nebraska, and since that time he has done nothing except appear in court in Idaho to contest the termination of his parental rights. Finally, the magistrate court did not err in determining it was in the best interests of Child to

**B.    Attorney Fees on Appeal**

Respondents request attorney fees on appeal pursuant to I.C. § 12-121, which permits a court to award reasonable attorney fees to the prevailing party when the case was brought, pursued or defended frivolously, unreasonably, or without foundation. An appeal is brought without foundation where it merely asks the appellate court to reweigh the evidence. *Kelley v. Yadon*, 150 Idaho 334, 338, 247 P.3d 199, 203 (2011). Respondents contend that Doe's appeal is frivolous as it does not present arguable issues of law, argument or authority, or citation to the record. An award of attorney fees pursuant to I.C. § 12-121 may be appropriate in a termination matter. *In re Doe*, 159 Idaho 192, 200 358, P.3d 77, 85 (2015). This Court concludes that respondents are entitled to an award of attorney fees on appeal pursuant to I.C. § 12-121. Doe has failed to properly present his issues on appeal and, therefore, has waived his claims. For these reasons, an award of attorney fees to respondents under I.C. § 12-121 is appropriate. Costs are awarded to respondents pursuant to I.A.R. 41.

**IV.**

**CONCLUSION**

Doe has failed to properly present his issues on appeal. Consequently, Doe has failed to show the magistrate court erred in its decision terminating his parental rights. Accordingly, the decision of the magistrate court terminating Doe's parental rights is affirmed. Attorney fees and costs on appeal are awarded to respondents.

Judge HUSKEY and Judge LORELLO **CONCUR**.

---

terminate Doe's parental rights. Doe has had no presence in Child's life for years. Child has established a strong relationship with Stepfather, has younger siblings who see her as their sister, and is residing in a stable home that the Idaho Department of Health and Welfare deemed to be appropriate. Doe failed to show that the magistrate court's findings and conclusions are in error.