**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52517**

| | | |
|---|---|---|
| In the Matter of:  John Doe I and John Doe II, Children Under Eighteen (18) Years of Age. | ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) | **Filed:  March 28, 2025** |
| Petitioner-Respondent, | ) ) | **Melanie Gagnepain, Clerk** |
| v. | ) ) | **THIS IS AN UNPUBLISHED** |
| JOHN DOE (2024-56), | ) ) | **OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Ellsworth, Kallas & DeFranco, PLLC; Joseph L. Ellsworth, Garden City, for appellant.

Hon. Raúl R. Labrador, Attorney General; Peter A. Mommer, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

John Doe appeals from the magistrate court's judgment terminating his parental rights to John Doe I and John Doe II (Children).  Doe argues the magistrate court's finding of neglect was not supported by clear and convincing evidence.  Doe further argues the magistrate court's finding that termination is in the best interests of Children was not supported by clear and convincing evidence.  For the following reasons, we affirm the magistrate court's judgment terminating Doe's parental rights.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the biological father of Children. In August 2022, John Doe I was placed in foster care when he was approximately two weeks old.[1] Doe was not listed on the birth certificate as the father but was regarded as the putative father until legal paternity was established. Although Doe verbally acknowledged he was John Doe I's father, Doe refused to comply with a request from the Idaho Department of Health and Welfare (Department) for DNA testing to formally establish John Doe I's paternity until July 2023, a period of approximately eleven months. Nonetheless, the Department provided a voluntary case plan for Doe to work towards reunification with John Doe I until legal paternity was established. After Doe was legally established as John Doe I's father, he was added to the open Child Protection Act (CPA) case for John Doe I.

In August 2023, the magistrate court held a permanency hearing regarding John Doe I. Because of Doe's refusal to timely participate in paternity testing, Mother's lack of progress on her case plan, and the amount of time that had passed, the magistrate court approved termination of parental rights and adoption as the permanency goal and suspended further reasonable efforts for reunification for Mother or Doe. A case plan was not approved for Doe at this time because the permanency goal was already termination of parental rights. In October 2023, the State filed a petition to terminate the parent-child relationship as to John Doe I.

Approximately two weeks later, John Doe II was born and placed in foster care shortly after birth. Doe was also not listed on John Doe II's birth certificate but was regarded as the putative father until legal paternity was established. The Department opened a separate CPA case for John Doe II. The magistrate court held a case plan hearing regarding John Doe II and awarded legal custody of John Doe II to the Department. A case plan was not approved for Doe as he had not established legal paternity as to John Doe II, but the Department offered a voluntary case plan for Doe to work towards reunification with John Doe II. Doe's legal paternity of John Doe II was established, and Doe was added as a party to the consolidated CPA case for John Doe II. A formal case plan mirroring the voluntary plan previously developed was approved for Doe.

---

[1] The initial case only involved Mother, as at the time John Doe I was removed into care, he had no legally established father. Mother's parental rights were also terminated. She appealed from the judgment terminating her parental rights in Docket No. 52443.

In February 2024, the magistrate court held a six-month review hearing regarding the termination of parental rights trial that was scheduled for John Doe I. The magistrate court amended the permanency goal regarding John Doe I to that of continued efforts towards reunification, reinstated the Department's obligation to make reasonable efforts toward reunification between John Doe I and Doe, and vacated the termination of parental rights trial vis-a-vis John Doe I. The magistrate court also granted consolidation of John Doe I's case with John Doe II's case.

Doe refused to engage in services or work his case plan so the State filed an amended petition to terminate the parent-child relationship as to Children citing two bases of neglect: (1) Doe neglected Children by failing to comply with the court-ordered case plan while Children were in the Department's custody for fifteen of the most recent twenty-two months; and (2) Children were without proper parental care and control because of the conduct or omissions of Doe. The magistrate court held a contested trial on the amended petition to terminate the parent-child relationship and determined that Doe neglected Children and it is in the best interests of Children to have Doe's parental rights terminated. Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe argues the magistrate court erred in terminating his parental rights because the magistrate court's findings are not supported by clear and convincing evidence. The State argues the magistrate court had competent and substantial evidence to support a finding of neglect, and that termination was in Children's best interests and Doe failed to show how the magistrate court erred in its findings.

### A.      Grounds for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

### 1.      Neglect

Preliminarily, we note that Doe's brief fails to comply with Idaho Appellate Rule 35(a)(6), which states:  "The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon."  The Supreme Court held that it relies "solely on the parties to ground their appeals in relevant argument and authority."  *Dorr v. Idaho Dep't of Labor*, 171 Idaho 306, 309, 520 P.3d 1266, 1269 (2022).  When an appellant fails to provide argument and authority in support of issues presented on appeal within the argument section of the appellant's brief, the appellate court cannot consider those issues.  *Matter of Doe I*, 165 Idaho 33, 41-42, 437 P.3d 33, 41-42 (2019) ("Father failed to provide argument and authority for this issue; thus, it cannot be considered by this Court.").  In *Wood v. Idaho Transportation Dep't*, 172 Idaho 300, 307, 532 P.3d 404, 411 (2023), the Idaho Supreme Court held:

> This Court has repeatedly held that if an issue is not supported by "any cogent argument or authority, it cannot be considered by this Court."  *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010); *see, e.g.*, *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008); *Harrentsian v. Hill*, 161 Idaho 332, 339, 385 P.3d 887, 894 (2016); *Wittkopf v. Stewart's Firefighter Food Catering, Inc.*, 168 Idaho 203, 207, 481 P.3d 751, 755 (2021); *Owen v. Smith*, 168 Idaho 633, 647, 485 P.3d 129, 143 (2021).  Idaho Appellate Rule 35(a)(6) requires appellants to do more than point to background facts underlying their position; it requires "reasons" those facts constitute legal error with "citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6).  "Where an appellant fails to assert his assignment of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court."  *Bach*, 148 Idaho at 790, 229 P.3d at 1152.  Consequently, assignments of error that are not argued and supported in compliance with Rule 35(a)(6) are "deemed to be waived."

Doe's brief provides some relevant authority in the recitation of federal and state law indicating that parents have a fundamental liberty interest in maintaining a relationship with their child.  But as to the substantive argument portion of the brief, Doe does not provide citation to relevant authority.  Doe similarly fails to address the magistrate court's factual findings regarding each statutory basis of neglect.  While Doe makes some generalized arguments regarding neglect pursuant to I.C. § 16-2002(3)(b), Doe fails to provide any argument regarding the magistrate court's finding of neglect pursuant to I.C. § 16-1602(31)(a), failing to provide proper parental care and control.  Doe does not argue that the factual findings and legal conclusions are not supported by the record or how the magistrate court erred in finding neglect and provides no reasons why

any of the magistrate court's legal conclusions constitute legal error. The failure to challenge the magistrate court's findings that Doe neglected Children pursuant to I.C. § 16-1602(31)(a) results in this Court affirming the magistrate court's finding that Doe neglected Children on this statutory basis. As to Doe's argument that the magistrate court erred in finding Doe neglected Children pursuant to I.C. § 16-2002(3)(b), his failure to support his argument with relevant authority results in a waiver of that claim. As a result, Doe has waived any claim of error as to the magistrate court's findings on the statutory bases for terminating his parental rights. *Matter of Doe I*, 165 Idaho at 41-42, 437 P.3d at 41-42.

Nonetheless, the magistrate court's findings and conclusions are supported by substantial and competent evidence in the record. Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. The magistrate court found that Doe neglected Children pursuant to I.C. § 16-1602(31)(a) by failing to provide proper parental care and control because of the conduct or omission of Doe based on Doe's ongoing substance abuse and Doe's unwillingness to engage in any treatment. The court noted that Doe's substance abuse caused Doe to demonstrate a wide variability in his personality and presentation, including displaying "flashes of anger" toward Children, and the effect of that substance abuse negatively impaired his ability to safely parent Children.

Idaho Code § 16-2002(3)(b) also defines neglect as occurring when the parent has failed to comply with the court's orders or the case plan in a CPA case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department.

The magistrate court further held that the State established by clear and convincing evidence that Doe neglected John Doe I pursuant to I.C. § 16-2002(3)(b) by failing to comply with the case plan and because John Doe I had been in the custody of the Department for twenty-six months without successful reunification. The magistrate court found that Doe has a history of criminal convictions and drug use. The magistrate court noted that although a voluntary case plan had been offered, Doe did not participate in the process, did not comply with substance abuse

treatment or regular urinalysis testing, and at the termination trial, testified that he would continue to refuse to participate in substance abuse testing or treatment because he is a "functioning addict" and does not see the need for services. The magistrate court found that Doe participated in six visits with John Doe I over the course of fourteen months but increased visitation after John Doe II was born. Once the case plan was approved, Doe was required to complete a Comprehensive Diagnostic Assessment (CDA) or Global Assessment of Individual Needs Assessment (GAIN), follow all recommendations, and submit to random drug testing, which he failed to do. Doe was ordered to obtain safe and stable housing, which he had been unsuccessful in accomplishing. Doe was also ordered to complete a protective parenting class, which he did not do. Doe voiced his objections and concerns that the termination trial was occurring only four months after he was ordered to complete a case plan. The magistrate court found that Doe had been given opportunities for the twenty-six months preceding the termination trial to participate in the process but refused to cooperate with the requests of the Department or the magistrate court.

Doe argues he should have been given more time to work the case plan because he only had four months to comply with the case plan prior to termination. However, Doe neglects to mention that any reduced time to work the case plan was because he refused to participate in any testing to formally establish paternity as to John Doe I for nearly a year, and for John Doe II, it took Doe approximately eight months to participate in any formal testing to establish paternity. Despite the lack of a formal case plan, Doe had been given a voluntary case plan and refused to participate. On four occasions throughout the case, Doe told the Department he no longer wished to participate in the case or comply with any requests from the Department. On each occasion, after some time had passed, Doe would contact the Department and indicate his willingness to engage in the process. However, after the formal case plan was approved, Doe told the Department that he did not have time for "any of this," meaning compliance with the case plan tasks.

Moreover, although Doe claims he did not know what was expected of him to complete the case plan, the magistrate court specifically rejected that argument and found Doe was well aware of what was required but Doe simply refused to participate. Doe does not challenge that finding on appeal except to make a generalized statement which, as addressed above, is insufficient to require review by this Court. Doe does not address his failure to work towards or complete any of the specific tasks on the case plan, including his failure to obtain a mental health assessment or

his failure to refrain from using illegal substances. Consequently, the magistrate court's findings that Doe neglected Children are affirmed.

**B.  Best Interests**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State*, *Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court held that clear and convincing evidence established that it is in the best interests of Children to have safe and stable housing with consistent, sober caretakers. As discussed above, Doe provides no citation to the record or authority to support his claim that the magistrate court's findings regarding the best interests of Children are not supported by clear and convincing evidence. As a result, Doe has waived any challenge to this finding on appeal.

**IV.**

**CONCLUSION**

Doe has failed to properly present his issues on appeal. Doe has failed to show the magistrate court erred in its decision to terminate his parental rights. The judgment of the magistrate court terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.