**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52233**

| | |
|---|---|
| In the Matter of: John Doe I, A Child Under Eighteen (18) Years of Age. | ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) |
| | ) Filed: February 24, 2025 |
| | ) |
| Petitioner-Respondent, | ) Melanie Gagnepain, Clerk |
| | ) |
| v. | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| JOHN DOE (2024-41), | ) BE CITED AS AUTHORITY |
| | ) |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Courtnie R. Tucker, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Blessing Law Group, PLLC; Rondee Blessing, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Richard W. Roberts, Deputy Attorney General, Caldwell, for respondent.

---

GRATTON, Chief Judge

John Doe (2024-41) (Doe) appeals from the judgment of the magistrate court terminating his parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Jane Doe (Mother) gave birth to John Doe I (Child) in 2021. Child tested positive for amphetamine and methamphetamine. Law enforcement removed Child and placed him in foster care after he was released from the hospital. The Idaho Department of Health and Welfare (Department) filed a petition for hearing under the Child Protective Act. The magistrate court held a shelter care hearing and found jurisdiction and cause to keep Child in the care of the Department.

The magistrate court held an adjudicatory hearing and entered a decree placing Child in the legal custody of the Department after the parties stipulated that it was contrary to Child's

1

welfare to remain in the home. At the time of the hearing, the father of Child had not been identified. Subsequently, the magistrate court held a case plan hearing with both Mother and Doe, the presumptive father, in attendance. A case plan for Doe was not assigned at this time because his paternity had not yet been established.

The State filed an amended petition for hearing under the Child Protective Act, adding Doe as Child's father. Once paternity was established, the magistrate court held a case plan hearing for Doe and approved the plan. Subsequently, the State filed a petition for termination. The magistrate court held a termination trial and found Doe had neglected Child, and that termination of Doe's parental rights is in Child's best interests. Doe appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. Idaho Code § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and

2

convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

Doe claims the Department failed to prove, by clear and convincing evidence, that Doe neglected Child.[1]

As an initial matter, Doe's brief fails to comply with Idaho Appellate Rule 35(a)(6), which states: "The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and the record relied upon." In *Wood v. Idaho Transportation Dep't*, 172 Idaho 300, 307, 532 P.3d 404, 411 (2023), the Idaho Supreme Court held:

> This Court has repeatedly held that if an issue is not supported by "any cogent argument or authority, it cannot be considered by this Court." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010); *see, e.g.*, *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008); *Harrentsian v. Hill*, 161 Idaho 332, 339, 385 P.3d 887, 894 (2016); *Wittkopf v. Stewart's Firefight Food Catering, Inc.*, 168 Idaho 203, 207, 481 P.3d 751, 755 (2021); *Owen v. Smith*, 168 Idaho 633, 647, 485 P.3d 129, 143 (2021). Idaho Appellate Rule 35(a)(6) requires appellants to do more than point to background facts underlying their position; it requires "reasons" those facts constitute legal error with "citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6). "Where an appellant fails to assert his assignment of error with particularity and to support his position with

---

[1] Doe fails to address the issue of best interests of Child in his opening brief. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Thus, this issue has been waived.

sufficient authority, those assignments of error are too indefinite to be heard by the Court." *Bach*, 148 Idaho at 790, 229 P.3d at 1152. Consequently, assignments of error that are not argued and supported in compliance with Rule 35(a)(6) are "deemed to be waived."

Here, Doe's brief provides some relevant authority in the recitation of federal and state law indicating that parents have a fundamental liberty interest in maintaining a relationship with their child. Doe also outlines that to terminate the parent-child relationship clear and convincing evidence is required and cites the relevant Idaho Code provisions that apply to a finding of neglect. However, as to the substantive argument portion of the brief, Doe does not provide a single citation to a relevant authority. Further, in two of the three argument sections, Doe does not provide a citation to any evidence in the record. Only in the argument section addressing the case plan does Doe provide any citations to the record, neither of which are sufficient to demonstrate error. This Court will not search the record on appeal for the necessary citations or arguments. *See Dickenson v. Benewah Cnty. Sheriff*, 172 Idaho 144, 150, 530 P.3d 691, 697 (2023). Doe's brief contains limited citations to the record, no argument that the magistrate court's findings are not supported by the record, and no meaningful argument as to how the magistrate court erred in finding neglect. Doe has waived his claims on appeal.

Nonetheless, the magistrate court's findings and conclusions are supported by substantial and competent evidence in the record. Idaho Code § 16-2005(1)(b) provides that grounds to terminate parental rights exist where the parent has neglected or abused the child. Neglect is defined in I.C. § 16-2002(3) as:

(a) Conduct as defined in section 16-1602(31), Idaho Code; or
(b) The parent(s) has failed to comply with the court's orders or the case plan in a child protective act case and:
    (i) The department has had temporary or legal custody of the child for fifteen (15) of the most recent twenty-two (22) months; and
    (ii) Reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the department.

The magistrate court correctly concluded that Doe neglected Child because he failed to complete the case plan. Doe was required to maintain safe and stable housing for Child as part of his case plan. This included not allowing anyone else to reside in the home unless approved by the Department. At the time of termination hearing, Doe was residing with a roommate who had been convicted of domestic violence and would not be approved by the Department. Doe refused to disclose his roommate's name or the address of where he was living. Additionally, the

magistrate court had significant concerns about Doe's mental health. Doe has been hospitalized for his mental health on more than one occasion. The Department believed that Doe needed mental health treatment. The Department sought a release of information from Doe verifying that he was attending treatment at Veterans Affairs, which Doe refused to sign. Doe also tested positive for methamphetamine. His case plan recommended substance abuse treatment and services, however Doe did not agree with the recommendations and refused to follow them. Doe did participate in testing for a few months, but eventually stopped testing altogether, stating that he was not using, and it was a "pain" to attend testing. Doe was also required to attend visits with Child and demonstrate parenting skills as well as the ability to meet Child's needs. Doe did attend visitations with Child, and he did try to engage with Child. The Department reported that Doe needed a lot of prompting to engage with Child and that he lacked an overall bond with Child. Doe never moved beyond supervised visitation with Child. In 2023, Doe communicated that he would continue visits with Child but would no longer participate in any case plan tasks. The magistrate court's findings are supported by substantial and competent evidence in the record and Doe fails to demonstrate error in the magistrate court's determination that Doe failed to complete his case plan.

## IV.

## CONCLUSION

Doe has failed to show the magistrate court erred in its decision terminating his parental rights. Accordingly, the judgment of the magistrate court terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.